UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOLLY TAKEMOTO-BOYD,

        Plaintiff,

v.                                                  Case Number 09-10329

COMMISSIONER OF SOCIAL SECURITY,        Honorable Julian Abele Cook, Jr.
                                                            Magistrate Mona K. Majzoub

        Defendant.

## ORDER

The Plaintiff, Holly Takemoto-Boyd, challenges the denial of Social Security supplemental security income (SSI) and disability insurance benefits (DIB) by the Defendant, Commissioner of Social Security (Commissioner). Relying upon the Federal Rules of Civil Procedure, the Plaintiff and the Defendant have filed cross-motions for summary judgment, with each party asserting that there are no genuine issues of a material fact to be resolved by the Court.

On February 25, 2010, Magistrate Judge Mona K. Majzoub submitted a Report in which she recommended that the Court (1) grant the Defendant's motion for summary judgment, (2) deny the Plaintiff's motion for the entry of a summary judgment, and, thereafter, (3) dismiss her complaint. The record in this cause indicates that neither of the parties have voiced their objections to the Report as of this date. *See* 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d).

I.

The Plaintiff filed an application for DIB and SSI on February 15, 2006, contending that she is entitled to benefits because of her permanent disability, as well as her inability to work due to periods of depression, as well as a severe pain in her shoulder and ankles. The Social Security

1

Administration (SSA) initially denied her claim for benefits. However, the Plaintiff, after expressing her disagreement with this rejection, obtained a hearing before an administrative law judge (ALJ) who, on August 28, 2008, concluded that she was not entitled to receive any benefits from the Social Security Administration. Thereafter, she sought to obtain a review of this adverse decision with the Appeals Council which ultimately rejected her claim on November 28, 2008. This lawsuit followed. *See* 42 U.S.C. §§ 405(g), 1383(c)(3).

II.

The Plaintiff was 47 years old at the time of the hearing before the ALJ. She completed her high school education and had past work experience as a painter, painter's assistant, bus driver and a clerical office worker. On November 7, 2005, the Plaintiff was placed on family medical leave because of a shoulder injury which was the result of a painting job.

In concluding that the Plaintiff was not disabled within the meaning of the Social Security Act, the ALJ acknowledged that she had not engaged in any substantial gainful activity since the alleged onset date of her symptoms. The ALJ also determined that (1) the Plaintiff met the insured status requirements of the Social Security Act, which qualified her for coverage through December 31, 2010, and (2) she had suffered from osteoarthritis of the shoulders and dysthymic disorder. However, the ALJ found that the Plaintiff did not suffer from a condition which amounted to any listed impairment. Moreover, the ALJ, after listening to the Plaintiff's testimony, did not find it to be entirely credible. In essence, the ALJ concluded that the Plaintiff was not a disabled person as defined by the Social Security Act in that she had retained the ability to perform a full range of sedentary work, including her past relevant work as a general office clerk.

III.

The final decision of the Defendant is reviewed by a district court to determine if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence" is considered to be more than a scintilla but less than a preponderance. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). In *Richardson*, the Supreme Court construed the term to mean "such . . . evidence as a reasonable mind might accept as adequate to support a conclusion." 402 U.S. at 401; *See also Kirk v. Secretary of Health and Human Services,* 667 F. 2d 524, 535 (6th Cir. 1981). Accordingly, "findings based on the credibility of the applicant are to be accorded great weight and deference," and should not be disturbed. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). Additionally, the court must evaluate the administrative record as a whole. *Walker v. Secretary of Health and Human Services*, 884 F.2d 241, 245 (6th Cir. 1989).

In her appeal to this Court, the Plaintiff first argues that the ALJ did not properly evaluate the credibility issue as it relates her complaints of pain, fatigue and the need to take naps. However, as the magistrate judge pointed out, the ALJ considered the Plaintiff's medication and treatment, noting that her doctors had treated her pain symptoms with conservative measures without the necessity of surgery. Moreover, it appears from the record that the ALJ relied upon the Plaintiff's doctors who indicated that their steroid injections provided their patient with quick and significant relief. The magistrate judge also noted that the Plaintiff did not cite any medical evidence or testimony to support her claims of fatigue or the need to rest for an extended period of time. There is also evidence that she reported a continuing ability to manage her personal care needs, shop, pay bills, and to assist her ailing father with dishes, laundry, sweeping, vacuuming and transportation. Based on this record, the Court agrees with the magistrate judge that the ALJ's

findings regarding the Plaintiff's credibility are supported by substantial evidence.

Next, the Plaintiff asserts that the substantial evidence of the record does not support the ALJ's conclusion that she was able to perform her past relevant work as a general office clerk. The magistrate judge correctly noted that the ALJ had relied on the medical evidence and testimony from a vocational expert in concluding that the Plaintiff could adequately meet the demands of her former clerical job (which included tasks such as handling payroll, conducting inventory, stocking shelves and lifting items of less than ten pounds). According to one of the medical witnesses, the Plaintiff has the ability to lift and/or carry twenty pounds occasionally and ten pounds frequently. Based on this record, the ALJ's conclusion about the Plaintiff's ability to perform her past relevant work was supported by substantial evidence.

IV.

Therefore, following its review of the entire record and believing that Magistrate Judge Majzoub's written findings are correct, the Court (1) accepts and adopts the recommendation by the magistrate judge in her Report, (2) grants the Defendant's motion for the entry of a summary judgment, (3) denies the Plaintiff's motion for similar relief, and (4) dismisses the Plaintiff's complaint.

IT IS SO ORDERED.

Dated: March 31, 2010  
Detroit, Michigan

S/Julian Abele Cook, Jr.  
JULIAN ABELE COOK, JR.  
United States District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 31, 2010.

s/ Kay Doaks<br>
Case Manager